CAMPBELL, Judge.
Appellant maintains that he did not willfully violate his probation and that he was improperly sentenced. We believe that he did willfully violate his probation, and affirm the revocation. Although we agree that the court misspoke when he orally identified the counts at the sentencing, we conclude that the error was obviated and rendered harmless in the written order of probation and the final judgment.
Although appellant argues that he did not willfully violated his probation by failing to report to his probation officer, as required, within seventy-two hours of his release, we are not persuaded. Appellant was due to report on July 3 or 4, but did not do so until July 9. Despite the interruption of that time period by a national holiday, appellant was released on June 30 or July 1, thus giving him at least two days to locate his probation officer.
Appellant’s explanation for his tardiness does not represent a good faith effort to comply. Upon his release, appellant was provided a copy of the probation order, signed by him, which required him to report within seventy-two hours of his release. Appellant was given an address and phone num *1064 ber to contact, and signed for that information. Not only did appellant fail to report, he failed to be enrolled in a sexual offender treatment program, as required. He also could not be located at the YMCA, where he was required to live. We conclude that these facts provide sufficient indication that appellant willfully violated his probation.
Appellant also argues that he was improperly sentenced. Upon review of the oral and written orders and the final judgment, we conclude that the court misspoke at the hearing when he identified the counts. However, in entering the written final judgment and the order of probation, the court corrected his error to reflect the following sentencing scheme: Count I — No new sentence; Count II — Five years probation consecutive to the twelve-year D.O.C. term imposed in Count III, but concurrent with the three-year probationary term imposed in Count III; Count IV — Twelve years D.O.C., followed by three years probation, said probation to run concurrent with the probation imposed in Count II.
We, accordingly, affirm the revocation of probation and affirm the sentencing scheme described above.
RYDER, A.C.J., and PARKER, J., concur.